[Docket Nos. 121 and 123]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GLOBALGEEKS, INC., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> SZN, LLC, <br><br> Defendant/Counter-Plaintiff/ Third-Party Plaintiff, <br><br> v. <br><br> BARGAIN ME ONLINE, LLC, <br><br> Third-Party Defendant. | Civil No. 20-06838 (RMB/AMD) <br><br><br> **MEMORANDUM OPINION AND ORDER TO SHOW CAUSE** |

**APPEARANCES**

Benjamin J. Eichel
Boni, Zack & Snyder LLC
15 Saint Asaphs Road
Bala Cynwyd, PA 19004

    *On behalf of Plaintiff/Counter-Defendant GlobalGeeks, Inc.*

S. Joshua Kahane
Glankler Brown
6000 Poplar Avenue
Memphis, TN 38119

    *On behalf of Defendant/Counter-Plaintiff/Third-Party Plaintiff SZN, LLC*

Michael Steinmetz
Garson, Segal, Steinmetz, Fladgate LLP
164 West 25th Street, 11R
New York, New York 10001

    *On behalf of Third-Party Defendant Bargain Me Online, LLC*

**BUMB, Chief District Judge**

This matter comes before the Court upon competing motions for summary judgment regarding the claims set forth in the Third-Party Complaint [Docket No. 14], including the Partial Motion for Summary Judgment (Counts I, III, and V) by Third-Party Plaintiff SZN, LLC ("SZN") [Docket No. 121] and the Motion for Summary Judgment by Third-Party Defendant Bargain Me Online, LLC ("Bargain") [Docket No. 123]. For the reasons set forth herein, SZN's motion is **DENIED**, Bargain's motion is **ADMINISTRATIVELY TERMINATED**, and SZN is **ORDERED TO SHOW CAUSE** on the procedural and evidentiary issues identified.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Filed during the height of the global pandemic fueled by the COVID-19 virus, this dispute concerns a defective shipment of "KN95" masks, personal protective equipment manufactured in China that must filter out at least 95 percent of airborne particles. [Docket No. 14 ¶¶ 34–38.] Masks produced domestically in the United States known as "N95" masks are "the same grade of mask, but for the fact that KN95 masks are typically slightly looser on the face." [*Id.*; Docket No. 121-1, at 4.]

GlobalGeeks, Inc. ("GlobalGeeks")—the entity that placed several orders intending to purchase KN95 masks from available suppliers while the price for masks was soaring—entered into a settlement agreement to resolve all principal claims and counterclaims against and between it and SZN, as alleged by GlobalGeeks in the Complaint [Docket No. 1] and by SZN in the Amended Counterclaim [Docket No. 28]. [*See* Docket No. 113.] On July 27, 2022, GlobalGeeks and SZN filed a Satisfaction of Judgment previously entered by this

2

Court on March 2, 2022.[1]  [Docket No. 113; *see also* Docket No. 87.]  Accordingly, the only claims remaining are those set forth in the five-count, Third-Party Complaint by SZN against Bargain:  (i) breach of contract, (ii) fraudulent inducement and/or misrepresentation, (iii) breach of warranty of merchantability and warranty of fitness for a particular purpose, (iv) breach of covenant of good faith and fair dealing, and (v) equitable contribution and/or indemnification.  [Docket No. 14 ¶¶ 72–131.]

The only shipment of KN95 masks pertinent to the Third-Party Complaint has been referred to as "Shipment 2" throughout the course of this ligation.  Central to the parties' dispute is the role Bargain played in the procurement of Shipment 2.  The parties do not dispute that on April 19, 2020, GlobalGeeks issued a purchase order to SZN for Shipment 2:  290,000 KN95 masks at a price of $4.00 each, totaling $1,160,000.  [Docket No. 125-1 ¶ 1; Docket No. 121-1, Ex. 1.]  Bargain maintains that it acted merely as a broker of the deal: more specifically, that after SZN's representative Eitan Sadeh ("Eitan") contacted it seeking a supplier of KN95 masks, Bargain put SZN in touch with one of its business contacts that was offering to sell KN95 masks, known as "Ace" or Price Point Distributors, and forwarded to Eitan certain of Ace's marketing materials.  [Docket No. 123-1 ("Bargain's SUMF") ¶¶ 5–8.]  It is Bargain's position that SZN was aware at all times during the parties dealings that Bargain was ultimately not the supplier of Shipment 2, but rather, acting as a broker of the deal just like SZN was.  [*Id.*]

---

[1] On October 6, 2022, GlobalGeeks and SZN filed a joint letter request to dismiss SZN's Counterclaim against GlobalGeeks in light of the parties' settlement agreement. [Docket No. 119.]  As explained in their joint submission, Bargain did not consent to the dismissal of SZN's Counterclaim because it needed to take discovery on GlobalGeeks. [*Id.*]  However, since discovery closed on June 30, 2022, the Court will dismiss SZN's Amended Counterclaim [Docket No. 28], with prejudice, as jointly requested by GlobalGeeks and SZN.

3

In contrast, SZN avers that Bargain "represented and warranted to SCN [sic] that it could supply the requisite numbers of KN95 masks to fill Global[Geek]'s order," as well as "represented and warranted that the 290,000 masks were authentic and genuine KN 95 masks." [Docket No. 121-3 ("SZN's SUMF") ¶¶ 2–3.] However, the parties do not dispute that "[o]n April 20, 2020, Global wired $575,000 to SZN and $585,000 to Golden, Inc., as payment for Shipment 2." [Docket No. 125-1 ¶ 5.]

What happened after Shipment 2 was delivered to GlobalGeeks is also not in dispute. On May 1, 2020, GlobalGeeks informed SZN that the masks in Shipment 2 were not legitimate KN95 masks. [Docket No. 125-1 ¶ 7.] Just over one month later, this suit commenced, and during the initial stages of litigation GlobalGeeks, SZN, and Bargain entered into an agreement for neutral laboratory testing of the masks in Shipment 2. [*Id.* ¶ 8.] Nelson Laboratories, LLC was retained to perform a sodium chloride aerosol test to determine filtration performance, concluding that the masks in Shipment 2 only filtered between 36 to 37.6 percent of airborne particles. [*Id.* ¶ 9–10.]

## II. JURISDICTION

This Court has ancillary jurisdiction over the third-party claims alleged by SZN against Bargain pursuant to Fed. R. Civ. P. 14 (a) since the Court had original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1367(a) in that there is complete diversity between the parties and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In *Pennsylvania R. Co. v. Erie Ave. Warehouse Co.,* the Third Circuit elaborated on how settlement of a principal claim impacts the Court's jurisdiction over ancillary claims:

> When the dismissal of the principal claim has been because the court lacked power from the outset to entertain it, dismissal of the ancillary claim has also been required.

4

> But when the principal claim has been defeated on its merits, power to adjudicate pending ancillary matters has been held to survive. It is logical and eminently fair that the present case, where settlement of the principal claim is not substantially different from recovery upon it in creating a need to adjudicate forthwith the ancillary issue of recovery over, be treated like a disposition on the merits.

302 F.2d 843, 845 (3d Cir. 1962) (collecting cases); *see also Dery v. Wyer*, 265 F.2d 804, 808 (2d Cir. 1959) (holding "that the ancillary jurisdiction over the third-party complaint was not lost when the main cause of action was settled" because "in a diversity action, if jurisdictional prerequistes are satisfied when the suit is begun, subsequent events will not work an ouster of jurisdiction"). Indeed, this is such a case where the Court's jurisdiction over the ancillary claims in the Third-Party Complaint survives settlement of the principal claims and counterclaim.

### III.   LEGAL STANDARD

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might impact the "outcome of the suit under the governing law." *Gonzalez v. Sec'y of Dep't of Homeland Sec.*, 678 F.3d 254, 261 (3d Cir. 2012). A dispute is "genuine" if the evidence would allow a reasonable jury to find for the nonmoving party. *Id.*

"[T]he party moving for summary judgment under Fed. R. Civ. P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden by producing evidence showing the absence of a genuine issue of material fact or by showing there is no evidence in support of the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "If a party fails to properly support an assertion of fact of

5

fails to properly address another party's assertion of fact as required by Rule 56(c)," the Court may:

> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;
> (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

## IV.   ANALYSIS

### A.   SZN's Partial Motion for Summary Judgment (Counts I, III, and V)

First, the Court turns to SZN's Partial Motion for Summary Judgment on its third-party claims for breach of contract, breach of equitable obligations owed under the warranties of merchantability and fitness, and equitable contribution and/or indemnification, Counts I, III, and V in the Third-Party Complaint, respectively.  In support of its motion, SZN relies only upon the following exhibits:  (1) the purchase order GlobalGeeks issued to SZN for Shipment 2; (2) a fund transfer notice from PNC Bank showing the wire transfers GlobalGeeks sent to SZN and Golding, Inc. as payment for Shipment 2; (3) an invoice Bargain sent to SZN for Shipment 2; (4) the Agreement for Testing Protocol of Masks in Shipment 2; and (5) the final report issued by Nelson Laboratories, LLC.  [Docket No. 121-1.]

Based on the limited evidentiary record before it, the Court finds that there are fundamental disputes concerning facts that are material to the resolution of each of SZN's claims.  Regarding, SZN's breach of contract claim, the parties ultimately dispute whether they ever entered into a purchase contract under which Bargain agreed to supply Shipment 2.  [*See* SZN Brief at 8; Docket No. 125, at 5.]  Bargain relies upon the sworn declaration of

6

Yaakov Ashlem ("Ashlem"), a member of Bargain with personal knowledge and involvement with SZN and the transaction concerning Shipment 2. [Docket No. 123-2 ("Ashlem Decl.") ¶ 1.] According to Ashlem, it was SZN that requested the invoice that Bargain ultimately sent merely "for clerical reasons," which occurred only after Shipment 2 had been sent to GlobalGeeks. [*Id.* ¶¶ 20–21.] Thus, Bargain disputes whether the invoice between it and SZN—the only written instrument of record presently before the Court between these two parties—was a purchase contract under which Bargain would supply KN95 masks. Ashlem's sworn declaration states that the invoice only states the number of masks, the amount due and owing, and other than stating the order was for "KN95 protective mask[s]," makes no other representations as to the goods. [*Id.* ¶¶ 22–23.] This representation is consistent with the Court's review of the invoice.

Unlike Bargain, SZN offered no supporting affidavits or declarations to explain its theory of liability or how the exhibits listed above constitute or suggest a contract existed pursuant to which Bargain agreed to supply conforming KN95 masks. In its statement of undisputed material facts, required by Local Rule 56.1, SZN only cites as factual support its own allegations set forth the verified Third-Party Complaint. Thus, now that discovery has closed, SZN appears to have no additional evidentiary support for its factual allegations that Bargain represented it could supply to requisite number of authentic and genuine KN95 masks to fulfill GlobalGeeks order. [SZN's SUMF ¶¶ 2–4.] In fact, SZN's SUMF does not even stipulate whether the alleged contract was a written or oral one. Put simply, there is scant evidentiary support for SZN's motion, but the materials cited by Bargain make clear there is a fundamental factual dispute regarding whether a purchase contract ever existed or whether Bargain made any representations regarding its ability to supply authentic, genuine,

and conforming KN95 masks. Such disputed material facts preclude summary judgment on SZN's breach of contract claim.

These same disputed facts regarding Bargain's role in the transaction and whether it breached contractual obligations owed as the supplier of Shipment 2 also precludes SNZ's partial summary judgment motion for Counts III and V. Bargain is correct that in New Jersey, a warranty that goods are merchantable is only implied in contracts for sale "if the seller is a merchant with respect to goods of that kind." N.J.S.A. § 12A:2-314(1). Bargain not only disputes the existence of such a contract, but also its status as a merchant of personal protective equipment. [Docket No. 125, at 6–7.] The Court agrees that SZN's claim for equitable contribution/indemnification is similarly reliant upon these same disputed material facts, including whether Bargain (if it were the supplier) should be found liable to SZN (since it was already found liable to GlobalGeeks) under SZN's theory of liability that Bargain directly and proximately caused the damages sustained by both Global and SZN caused by Shipment 2. [SZN Brief at 9–10.] Accordingly, SZN's motion is denied.

### B. Bargain's Motion for Summary Judgment

Bargain's contention that SZN refused to conduct any discovery in an "attempt[] to hide the complete story" is alarming. [Docket No. 123-4, at 2.] Bargain's summary judgment brief [Docket No. 121-1] relies upon the Ashlem declaration and tells a more complete story. In fact, Ashlem explains that SZN's representatives asked Bargain to send a deposit to Ace for Shipment 2 "to ensure that Ace knew SZN was a legitimate buyer." [Bargain's SUMF ¶ 10.] Bargain also contends that SZN arranged for a truck to pick up Shipment 2 from Ace's warehouse and even took a video of Shipment 2 at Ace's warehouse

8

prior to taking possession of Shipment 2 and shipping it to GlobalGeeks. [*Id.* ¶¶ 12–13.] Bargain was to collect payment from SZN, take its commission, and forward the remaining fund to Ace. [*Id.* ¶ 14.] SZN, aware of the payment arrangement, then accompanied Bargain to the bank to ensure the funds were sent to Ace. [*Id.* ¶ 15.] Then, when it came time to collect payment from SZN, Bargain contends "SZN requested that Bargain[] generate an 'invoice' with wire instruction so that SZN could process the payment." [*Id.* ¶ 20.] This is the same invoice cited by SZN in support of its motion. [Docket Nos. 123-3; 121-1, Ex. 3.]

SZN, however, never filed a response to Bargain's motion and ignored the requirements of Local Rule 56.1(a):

> [t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

Indeed, the burden at trial is on SZN to prove the claims set forth in its Third-Party Complaint. Yet, at the conclusion of discovery, the only evidence cited as support for SZN's assertions that Bargain represented it could supply authentic and genuine KN95 masks to fill Shipment 2 are references to the factual allegations it initially set forth in the Third-Party Complaint. [*See* SZN SUMF ¶¶ 2–4.]

The Supreme Court has recognized that

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex*, 477 U.S. at 322. This Court agrees with Bargain that SZN has failed to make a sufficient evidentiary showing in support of its claims, as it "has neither produced or filed a written agreement between the parties that would created [sic] the obligations purportedly breached, nor has it produced or corroborated a single communication between the parties that could support a finding of a verbal agreement." [Docket No. 123-4, at 1.] Further, the Court notes that the allegations in this case, if supported by sufficient evidence, could implicate complex theories of liability under the Uniform Commercial Code that have not been adequately briefed by the parties.

    In any event, this Court cannot be left to decide whether issues of material fact remain when SZN never responded to Bargain's motion or statement of undisputed material facts. SZN will not be permitted to evade the Federal and Local Rules of Civil Procedural, and at this phase of the litigation, SZN cannot hide behind the shield of unsupported factual allegations made in the Third-Party Complaint. "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2). Here, SZN failed in both respects. However, the Court cannot adequately determine whether material facts remain in deciding Bargain's motion for summary judgment based on such an undeveloped factual record caused by SZN's shortcomings. Thus, the Court will require SZN to show cause as to why it failed to respond to Bargain's motions consistent with the requirements of Rule 56 and provide the court with support for its claims, if any. Then, the Court can determine whether SZN has made a sufficient showing "to establish the existence of [the] element[s] essential to [its] case" since SZN bears the burden of proof at trial as to the remaining claims set forth in the

10

Third-Party Complaint.  *Celotex*, 477 U.S. at 322.  If not, the Court intends to grant Bargain the relief it seeks when it revisits the motion.

Accordingly,

**IT IS** this **22nd** day of **May 2023**, hereby

**ORDERED** that the Amended Counterclaim [Docket No. 28] is **DISMISSED WITH PREJUDICE** and the Clerk of Court is instructed to terminate GlobalGeeks, Inc. as a party to this suit; and it is further

**ORDERED** that the Partial Motion for Summary Judgment (Counts I, III, and V) by Third-Party Plaintiff SZN, LLC [Docket No. 121] is **DENIED**; and it is further

**ORDERED** that Third-Party Plaintiff SZN, LLC shall **SHOW CAUSE** setting forth the reasons it failed to respond to the Motion for Summary Judgment by Third-Party Defendant Bargain Me Online, LLC [Docket No. 123], including its failure to file a responsive statement of material fact as required by Local Rule 56.1(a); and it is hereby

**ORDERED** that SZN,LLC shall also provide (1) a responsive statement of material fact as required by Local Rule 56.1(a); and (2) any additional support for its assertions that Bargain represented it could supply authentic and genuine KN95 masks to fill Shipment 2, consistent with the requirements of Federal Rule of Civil Procedure 56(c) and as set forth in its own statement of material facts at Paragraphs 2, 3, and 4 [Docket No. 121-3]; if there is no additional support for these assertions SZN shall confirm; SZN shall file its responses as a single submission on the docket no later than **14 days from the date hereof**; and it is further

**ORDERED** that the Motion for Summary Judgment by Third-Party Defendant Bargain Me Online, LLC ("Bargain") [Docket No. 123] is **ADMINISTRATIVELY TERMINATED** pending the Court's receipt of SZN, LLC's submission.

s/Renée Marie Bumb  
Renée Marie Bumb  
Chief District Judge